**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**In Re:**

    **Settlement Facility Dow Corning Trust,**

                                                           Case No.  09-12434

    **Jan Evans,**                                       Honorable Denise Page Hood

          **Claimant.**

_____/

**ORDER DENYING MOTIONS/REQUESTS FOR RECONSIDERATION**

This matter is before the Court on Claimant's various Letter Motions/Requests for Reconsideration of the Court's Order dismissing her case.  On September 27, 2010, the Court entered a Judgment and Order dismissing Claimant's claim.  Plaintiff filed various Letter Motions/Requests for Reconsideration.

An amendment of an order after a judgment has been entered is governed by Rule 59(e) of the Federal Rules of Civil Procedure.  Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment.  Fed. R. Civ. P. 59(e).  Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice.  *GenCorp., Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999).  The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order.  E.D. Mich. LR 7.1(h)(1).  No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise.  E.D. Mich. LR 7.1(h)(2).  Plaintiffs' motion is timely filed.  The Local Rule further states:

> (3) **Grounds**.  Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or

> reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

Claimant again raises the confidentiality issue in her various letters as the reason why she withdrew her claim. She also asserts that Dow had not let claimants know what the damages were resulting from the implants. Claimant re-hashes the same issue previously raised before this Court and in the bankruptcy proceedings. The Court finds that Claimant's letters present the same issues ruled upon by the Court, either expressly or by reasonable implication. Claimant has failed to demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled.

Claimant also requests that the Court "blacken" out her street address and social security number from the documents submitted. It is noted that the social security number has been redacted from the documents filed. As to the street address, there is no requirement to redact a litigant's address from the documents submitted, even if the individual address has changed to a post office box address. It is noted that the docket sheet reflects Claimant's post office box address.

Accordingly,

IT IS ORDERED that Claimant's Letter Motions/Requests for Reconsideration and

Redaction **(Doc. Nos. 16 to 25)** are DENIED.

                                              */s/ Denise Page Hood*
                                              DENISE PAGE HOOD
                                              United States District Judge

DATED:  March 30, 2012

## CERTIFICATE OF SERVICE/MAILING

I certify that a copy of this document was served on this date electronically or by ordinary mail to all parties in interest.

Date:  March 30, 2012                                       */s/ Sarah Schoenherr*
                                                                Deputy Clerk (313) 234-5090